KINGS COUNTY.—HON. ABRAHAM LOTT, SURROGATE.—March, 1887.

MATTER OF ROBERTSON.

*In the matter of the estate of* ROBERT A. ROBERTSON, *deceased.*

In appraisals made under L. 1885, ch. 483, entitled "an act to tax gifts, legacies and collateral inheritances in certain cases," the value of a life estate is to be ascertained by reference to the tables of mortality adopted by the General Rules of Practice.

OBJECTION taken by Elizabeth A. Marshall, a stranger in blood to decedent, and a life beneficiary under his will, to the appraisal of her interest, made for the purpose of taxation under L. 1885, ch. 483.

SMITH, WOODWARD & BUCKLEY, *for executors.*

FISHER & VOLTZ, *for life legatee.*

THE SURROGATE.—The appraiser has computed the value of the life estate in this case according to the rules of the Supreme court. It is claimed this is inequitable here, because the physical condition of the legatee makes it unlikely she will live the period the annuity table states as the probable duration of her life. I think it was intended that, under the collateral inheritance act, estates for life should be valued according to the rules of the Supreme court. The Court of Appeals has sustained the use of the Northampton tables to show the probable duration of life, in an action for damages (Sauter v. N. Y. C. R. R. Co., 36 *N. Y.*, 50).

The appraisal is affirmed.